FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 21  AM 11: 53

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROLAND GARIC TOCA and JACQUELYN TOCA** | CIVIL ACTION |
| **VERSUS** | NO. 05-0865 |
| **CREDITORS INTERCHANGE AGENCY, LLC** | SEC. " " ( ) SECT. N MAG. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CLASS ACTION COMPLAINT

The Class Action Complaint of plaintiffs, Roland G. Toca and Jacquelyn Toca respectfully represents as follows:

#### JURISDICTION AND VENUE

1.

This Honorable Court has jurisdiction in this action pursuant to 28 U.S.C. 1331 (federal question) in that this action is brought under the provisions of 15 U.S.C. 1692, *et seq.*, (the Fair Debt Collection Practices Act). This Court also has jurisdiction in this action pursuant to 28 U.S.C. 1332, because plaintiffs and defendant are domiciled in different states, and the amount in controversy including attorney's fees exceeds $75,000. Venue is appropriate in this district because plaintiffs sustained damages in the Eastern District of Louisiana as a result of the conduct of the defendant, Creditors Interchange Agency, LLC, which does business and is subject to personal jurisdiction in this district.

Fee 250.00
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No _____

## PARTIES

**2.**

Plaintiff, Roland Garic Toca, is a natural person of the age of majority and a resident and domiciliary of the Eastern District of Louisiana. Plaintiff, Jacquelyn Toca, is a natural person of the age of majority and a resident and domiciliary of the Eastern District of Louisiana.

**3.**

Defendant, Creditors Interchange Agency, LLC (hereinafter referred to as "Creditors Interchange"), is a limited liability company which has its principal office and domicile address in the state of New York, and its principal place of business in Louisiana at Baton Rouge. Creditors Interchange does business throughout the United States, including the Eastern District of Louisiana.

## FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

**4.**

Defendant, Creditors Interchange is a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA"), and in particular, subsection 15 U.S.C. §1692 a(6) of that Act. Creditors Interchange collects debts owed by consumers to third parties throughout the United States, including debts originally owed to Bank of America. The events described in the paragraphs below occurred in the course of defendant's attempt to collect a personal debt.

**5.**

Plaintiffs, R. Garic Toca and plaintiff, Jacquelyn Toca, are husband and wife, but there **does not** exist between them a community of acquets and gains. Instead, plaintiffs are entirely separate in property by virtue of documents filed in the public records of the State of Louisiana since 1984.

6.

In the course of attempting to collect a personal debt originating with Bank of America from plaintiff, Garic Toca, Creditors Interchange placed repeated, harassing and continuous telephone calls to plaintiff, Jacquelyn Toca. Creditors Interchange engaged Mrs. Toca in continuous telephone conversations, thereby intentionally abusing, harassing and annoying her while she was very ill and recovering from heart surgery. Creditors Interchange was told by both Mr. and Mrs. Toca of the separate property agreement between them, and that Mrs. Toca had no obligation to pay her husband's separate debt, but Creditors Interchange repeatedly and falsely represented to Mrs. Toca that she was liable for Garic Toca's debt, despite the separate property agreement. Creditors Interchange violated the provisions of the FDCPA, and specifically, subsections §1692d(5), §1692e, and §1692f, by the conduct described in this paragraph. This intentional misconduct of Creditors Interchange also caused extreme emotional distress to both plaintiffs.

7.

Creditors Interchange continued to make repeated, abusive and harassing calls to Jacquelyn Toca, and to discuss with her the details of Garic Toca's debt, *even after* Creditors Exchange was informed by Garic Toca that Mrs. Toca was very ill; that she had nothing whatsoever to do with his financial affairs due to their separate property agreement; and that Creditors Interchange was not to discuss the details of his personal financial affairs with Jacquelyn Toca again. Creditors Interchange violated the provisions of the FDCPA, and in particular, subsection §1692d(5), with respect to Jacquelyn Toca; and the general provisions of subsection §1692d with respect to Garic Toca; as well as §1692e and §1692f with respect to both plaintiffs, by its actions described in this paragraph.

8.

In the course of attempting to collect a personal debt from plaintiff, Garic Toca, defendant, Creditors Interchange placed an abusive and harassing telephone call to plaintiffs' son, Randy Toca, at his residence, which is separate from the residence of plaintiffs. Creditors Interchange discussed in detail, with Randy Toca, the debt and personal affairs of his father, Garic Toca. Creditors Interchange continuously demanded in this call that Randy Toca initiate a 3-way call to his father, pertaining to the debt, and used abusive and belligerent language when Randy Toca refused to do so. Defendant, Creditors Interchange violated the provisions of the FDCPA, and in particular, §§1692b(1), (2) and (3), and §1692c(b), §1692d, and §1692f, by its actions described in this paragraph. This conduct also caused extreme emotional distress to plaintiffs.

9.

In the course of attempting to collect a personal debt from plaintiff, Garic Toca, Creditors Interchange placed an abusive and harassing telephone call to the residence of plaintiffs' other son, in Littleton, Colorado, and spoke with plaintiffs' daughter-in-law, Tonia Toca, who answered the telephone. Creditors Interchange discussed in detail Garic Toca's debt and his personal affairs with his daughter-in-law, Tonia Toca. Creditors Interchanged used abusive language to Tonia Toca, including asking her in a belligerent tone whether it was her father-in-law's habit to fail to pay his bills. Creditors Interchange violated the provisions of the FDCPA, and in particular, §§1692b(1), (2) and (3) and § 1692c(b), as well as §1692d and §1692f, by its actions described in this paragraph. This conduct also caused extreme emotional distress to plaintiffs.

10.

In the course of attempting to collect a personal debt from plaintiff, Garic Toca, Creditors Interchange placed a harassing telephone call to the residence of plaintiffs' next-door neighbor, in

Covington, Louisiana. Without identifying themselves, defendant, Creditors' Interchange, asked plaintiffs' neighbor to carry a note to Mr. Toca, with Creditors Interchange's telephone number and the message that Mr. Toca must immediately return their urgent call. Plaintiffs' neighbor was disturbed by the call, wanting to know how the caller would have their address and telephone number; and plaintiffs were extremely distressed at this harassing and abusive debt collection practice involving their next-door neighbor. Creditors' Interchange violated the provisions of the FDCPA, and in particular, § 1692c(b), as well as §1692d and §1692f, by its actions described in this paragraph. This conduct also caused extreme emotional distress to plaintiffs

11.

Defendant, Creditors' Interchange violated the provisions of the FDCPA, and in particular §1692d(5), and §1692f, by calling plaintiff, Garic Toca, repeatedly, on a daily basis, and subjecting him to harassing, abusive and annoying dunning conversation continuously, during a time when Mr. Toca was occupied caring for his very ill wife. This dunning and abusive conversation included the improper disclosure to Garic Toca of the available balance on one of Jacquelyn Toca's credit cards; and the improper and unlawful insistence that Garic Toca transfer the balance of his debt to Jacquelyn Toca's credit card; and the false, deceptive and misleading representation that Creditors Interchange would effect that transfer itself and represent that Garic Toca had authorized it, despite Garic Toca's repeated explanation that he and his wife, Jacquelyn Toca, maintained separate finances and property and that no such balance transfer was authorized.

12.

Defendant, Creditors' Interchange violated the provisions of subsection §1692e of the FDCPA, by its false, deceptive and misleading representation to Garic Toca that Creditors' Interchange would transfer the balance of his debt to his wife, Jacquelyn Toca's, credit card

without his or her authorization, and then would represent that Garic Toca had authorized such a transfer.

### 13.

Defendant, Creditors' Interchange violated the provisions of subsection §1692e(10) of the FDCPA by its deceptive, false and misleading representations in letters to Garic Toca that offers to settle his credit card debt for 80% of the balance due would expire either within six days. In fact, no such expiration periods were applicable. Creditors' Interchange also made deceptive, false and misleading representations to Garic Toca that offers to settle his debt would expire in 24 hours, when in fact, no such expiration period existed.

### FAIR CREDIT REPORTING ACT VIOLATIONS

### 14.

Defendant, Creditors' Interchange violated the provisions of the **Fair Credit Reporting Act, 15 U.S.C. 1681**, *et seq.* (hereinafter, "FCRA"), and in particular, 15 U.S.C. §1681b(f), by obtaining the consumer report (also known as "credit report") of plaintiff, Jacquelyn Toca, without her knowledge or consent, and without any permissible purpose under §1681b of the FCRA.

### 15.

Defendant, Creditors Interchange violated the provisions of the FCRA, and in particular, §1681b(f), by falsely certifying to the consumer reporting agency from which it obtained plaintiff, Jacquelyn Toca's consumer report that Creditors Interchange was obtaining and would use the consumer report for a purpose permissible under §1681b of the FCRA.

## FED. R. CIV. P. 23 CLASS ALLEGATIONS

### FCRA CLASS

**16.**

Plaintiff, Jacquelyn Toca, brings claims on behalf of herself and all other similarly situated persons **who are residents of the United States**, seeking statutory damages under §1681n and §1681o of the FCRA, against defendant, Creditors' Interchange, for its willful and negligent violations of §1681b(f) of the FCRA by (1) obtaining and using plaintiff's and all putative class members' consumer reports without a permissible purpose under §1681b; and (2) falsely certifying to the consumer reporting agency from which it obtained plaintiff's and the putative class members' consumer reports that Creditors Interchange was obtaining and would use the consumer reports for a purpose permissible under §1681b of the FCRA.

### FDCPA CLASS

**17.**

Plaintiffs, Garic Toca and Jacquelyn Toca, bring claims on behalf of themselves and all others similarly situated **who are residents of the State of Louisiana** under the provisions of §1692k of the FDCPA, against defendant, Creditors' Interchange, for its violations of §1692e(10) of the FDCPA by sending plaintiffs and all putative class members letters containing settlement offers together with deceptive, false and misleading representations that the offers would expire within the short time periods stated in the letters. In fact, further settlement offers from the creditor were available to plaintiff and the putative class members, on better terms, after the expiration dates.

**18.**

All proposed class members seek relief under the same legal and remedial theories, pursuant to the facts and law described in particular hereinabove, so that the claims of the representative plaintiffs are typical of the claims of all class members.

**19.**

There are questions of law and fact set forth above which are common to all class members. The proposed class numbers more than one hundred persons, widely dispersed, so that joinder is impractical.

**20.**

The representative plaintiffs have no conflict which would prevent their adequate representation of all class members. The representative plaintiffs are fully informed of the facts and circumstances and theories of recovery brought in this Complaint, and are in fact controlling this litigation with the assistance and advice of thier counsel. Proposed class counsel is experienced in class action matters, having served as lead counsel in more than fifteen class action or putative class action matters in the Eastern District of Louisiana. Proposed class counsel is also experienced in federal consumer protection litigation. Class counsel has no conflicts which would prevent her adequate representation of all class members.

**21.**

This action should be maintained as a class action pursuant to **Fed. R. Civ. Proc. 23(b)(3)**, because common issues predominate over any individual ones, and because class action is superior to other methods available for resolution of this controversy. Common issues, which predominate, are among the following, non-exclusive particulars:

    a.    Whether defendant violated the provisions of the FDCPA by deceptively

communicating written settlement offers with false expiration dates in violation of §1692e(10) of the FDCPA;

b. Whether defendant violated the provisions of §1681b(f) of the FCRA by obtaining credit reports of consumers without any permissible purpose under §1681b of the FCRA;

c. Whether defendants violated the provisions of §1681b(f) of the FCRA by obtaining credit reports of consumers with false certifications of permissible purpose under §1681b of the FCRA;

d. Whether plaintiffs and the putative class members are entitled to statutory damages under §1681n of the FCRA;

e. Whether plaintiffs and the putative class members are entitled to damages under §1692k of the FDCPA.

### 21.

Class action is superior to other methods available for resolving this controversy, because repetitive litigation of identical issues as presented here would waste the resources of the courts and the parties; the individual stakes are small when compared with the high costs of the litigation; the class members are widely dispersed, and individual actions to protect their interests would be costly; and a single class action is superior to the repeated production and evaluation of evidence which would attend individual litigation of many claims having to do with identical issues.

### 22.

Plaintiffs are entitled to and demand a trial by jury.

**WHEREFORE**, plaintiffs, R. Garic Toca and Jacquelyn Toca, on behalf of themselves and others similarly situated, respectfully pray for judgment against defendant, Creditors

Interchange Agency, LLC, including actual damages for their individual claims under the FDCPA, and statutory penalties and punitive damages for class claims, as provided by the FCRA and FDCPA, costs and attorney's fees as provided by those statutes, and all other relief to which plaintiff and the proposed class members are entitled.

Plaintiff further prays that this action be certified to proceed as a class action, and that they and their counsel be appointed class representative and class counsel, respectively.

Respectfully submitted,

**Dawn Adams Wheelahan (19263)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana, 70130
Telephone: (504) 522-0495
Facsimile:  (504) 581-1624

JS 44 (11/04)

# CIVIL COVER SHEET

05-0865

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

SECT. N. MAG. 3

**(a) PLAINTIFFS**
ROLAND GARIC TOCA and JACQUELYN TOCA

**DEFENDANTS**
CREDITORS INTERCHANGE AGENCY, LLC

**(b)** County of Residence of First Listed Plaintiff: St. Tammany
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DAWN ADAMS WHEELAHAN, 650 Poydras St. suite 1550, New Orleans, Louisiana 70130

Attorneys (If Known)

## I. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | [X] 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## I. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692; 15 USC 1681

Brief description of cause: FDCPA; FCRA

## II. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## III. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____